UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH W. GRAY

CIVIL ACTION

VERSUS

NO. 12-165-JJB

ENERGY XXI GOM LLC, ET AL.

## RULING ON MOTION FOR RECONSIDERATION AND TO VACATE

This matter is before the Court on a Motion for Reconsideration and to Vacate (Doc. 45) by Defendant John L. Soileau, Inc.  The Plaintiff, Kenneth W. Gray, opposes the Motion (Doc. 47).  Jurisdiction exists pursuant to 28 U.S.C. § 1332.  Oral argument is not necessary.

Gray's lawsuit is for damages based on personal injuries sustained when he slipped and fell on stairs leading from the living quarters hallway to the galley of a fixed platform in the Gulf of Mexico.  Energy XXI GOM LLC and Energy XXI (Bermuda) Ltd. (collectively, "Energy XXI") owned and operated the platform in question.  Energy XXI contracted with Soileau to provide catering, cleaning, and janitorial services for the platform, pursuant to the March 1, 2011 Master Service Agreement.  On the evening of July 23, 2011, Lewis Johnson was one of the Soileau employees responsible for overnight cleanup on the platform.  The Plaintiff awoke in his bunk shortly before 5:00 a.m. on the morning of July 24, 2011 and proceeded to the stairwell leading from the living quarters to the galley.  At that time, the Plaintiff was the only one in his room who was up and about other than two Soileau employees, Johnson and the cook.  When the Plaintiff got to the top of the stairwell, it was dark and he grabbed the hand rail with his left hand.  As he began to descend, his foot slipped, causing him to lose his balance and fall down the stairs.  After the fall, Johnson went to the top of the stairs and found

1

droplets of water.  Johnson went up and down the steps throughout the previous night and all morning bagging and transporting the dirty clothes, linens, and other laundry from the living quarters to the laundry room.  Johnson traversed the stairway 15-20 minutes before the accident, never noticed any water, and did not slip or fall at any time. Johnson last mopped upstairs the evening before, as usual, after the crew had eaten supper and showered.

Motions in this case were to be filed by April 1, 2013 per the Court's December 28, 2012 order (Doc. 15) granting in part and denying in part a joint motion for extension of discovery deadlines.  After being granted leave to do so, Soileau filed a motion for summary judgment (Doc. 22) on April 18, 2013, predominantly adopting the arguments of a motion for summary judgment filed by Energy XXI (Doc. 18).  Soileau summarized its arguments by stating Gray is unable to show Soileau had custody of the platform, had actual or constructive knowledge of any defect, condition, or risk, was negligent, breached any duty to Gray, or that Soileau personnel created the alleged condition. Doc. 22, at 2.  This Court held genuine issues of fact exist as to Gray's claims against Soileau regarding the water droplets at the top of the stairs, and that Soileau failed to present sufficient authority, argument, or explanation for its custody assertion.

Without being granted leave, Soileau filed a motion for judgment on the pleadings (Doc. 38) on June 13, 2013, arguing: (1) Gray stated no claim against Soileau in his First Supplemental and Amended Complaint for Damages; (2) the deadline to amend and for discovery had passed; and (3) Soileau has been severely prejudiced by Gray's failure to identify his claims.  The Court held a pretrial conference June 20, 2013, in which both sides argued their positions on whether Gray should be granted leave to

2

amend his complaint.  After careful consideration of the parties' arguments, the Court reached a conclusion and informed the parties Gray would be granted leave to amend his complaint should he file a written motion requesting that relief.  Gray filed a motion for leave to amend his complaint (Doc. 40) on June 24, 2013, which this Court granted on June 26, 2013.  The decision allowing Gray to amend mooted the motion for judgment on the pleadings.

Soileau now requests that the Court reconsider and vacate its June 26, 2013 order granting Gray the right to file his second supplemental and amended complaint. Soileau also requests that the Court deny Gray's motion to amend his complaint.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions.  A Court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued.  *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).  Final judgment has not been issued in this case, so the instant motion is properly considered under Rule 54(b).

District courts have considerable discretion in deciding whether to reconsider an interlocutory order.  *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2012 U.S. Dist. 860404, at *3 (M.D. La. March 13, 2012).  Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."  *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 U.S. Dist. WL 2026670, at *2 (M.D. La. May 20, 2010).  "[R]ulings should only be reconsidered where the moving party has presented

substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

Soileau avers it was not granted an opportunity to oppose the motion for leave, violating its due process rights. Soileau contends that the Court acted contrary to the Federal Rules of Civil Procedure and this Court's local rules, that the motion for leave was asserted and granted solely under Rule 15 without application of Rule 16, without proper support, and that allowing Gray to assert new claims on June 26 when there was an August 19 trial date set is unduly prejudicial to Soileau's defense.

The Court finds that Soileau's due process rights were not violated, as it had ample opportunity to be heard when it argued its position at the pretrial conference. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ("Under our system of justice, the opportunity to be heard is the most fundamental requirement."). Soileau's arguments that the Court violated the local rules by taking the motion up at the conference are totally lacking in merit. Moreover, the Court's consideration of the present motion moots any such issue.

In evaluating the parties' arguments at the pretrial conference and concluding Gray would be allowed to amend, the Court acted in accordance with Federal Rules of Civil Procedure 15 and 16 as required. *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A*., 315 F.3d 533, 536 (5th Cir. 2003) (making clear that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

4

Soileau does not offer any new arguments as to why Gray should be denied leave to amend.  Soileau was not surprised by the proposed amendment.  Soileau has failed to establish any real prejudice or other reasons for reconsideration. Consequently, this Court maintains its order granting Gray leave to amend.

Accordingly, Defendant John L. Soileau, Inc.'s Motion for Reconsideration and to Vacate (Doc. 45) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 9, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**