UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH W. GRAY

VERSUS

ENERGY XXI GOM LLC, ET AL.

CIVIL ACTION

NO. 12-165-JJB

## RULING ON MOTION IN LIMINE

This matter is before the Court on a Motion in Limine (Doc. 48) filed by Defendant John L. Soileau, Inc. The Plaintiff, Kenneth W. Gray, opposes the Motion (Doc. 54). Jurisdiction exists pursuant to 28 U.S.C. § 1332.

I.   Background

Gray's lawsuit is for damages based on personal injuries sustained when he slipped and fell on stairs leading from the living quarters hallway to the galley of a fixed platform in the Gulf of Mexico. Energy XXI GOM LLC and Energy XXI (Bermuda) Ltd. (collectively, "Energy XXI") owned and operated the platform in question. Energy XXI contracted with Soileau to provide catering, cleaning, and janitorial services for the platform, pursuant to the March 1, 2011 Master Service Agreement. On the evening of July 23, 2011, Louis Johnson was one of the Soileau employees responsible for overnight cleanup on the platform. The Plaintiff awoke in his bunk shortly before 5:00 a.m. on the morning of July 24, 2011 and proceeded to the stairwell leading from the living quarters to the galley. At that time, the Plaintiff was the only one in his room who was up and about other than two Soileau employees, Johnson and the cook. When the Plaintiff got to the top of the stairwell, it was dark and he grabbed the hand rail with his left hand. As he began to descend, his foot slipped, causing him to lose his balance and fall down the stairs. After the fall, Johnson went to the top of the stairs and found droplets of water. Johnson went up and down the steps throughout the previous night and all morning bagging and

1

transporting the dirty clothes, linens, and other laundry from the living quarters to the laundry room. Johnson traversed the stairway 15–20 minutes before the accident, never noticed any water, and did not slip or fall at any time. Johnson last mopped upstairs the evening before, as usual, after the crew had eaten supper and showered.

This Court held in a summary judgment ruling (Doc. 35) that genuine issues of fact exist as to Gray's claims against Soileau regarding the water droplets at the top of the stairs, and that Soileau failed to present sufficient authority, argument, or explanation for its assertion that Gray is unable to show Soileau had custody of the platform. Soileau has now filed the instant Motion in Limine.

## II.     Analysis

Soileau requests that, before the commencement of voir dire, the Court enter an order instructing and directing all parties, witnesses, and attorneys to refrain from making any reference to certain things. Soileau also makes a number of other requests. Soileau argues the following in support. If any of these matters are injected into the trial without the Court making a preliminary determination of their admissibility, Soileau's defense will be the subject of irreparable harm. These matters are inadmissible, as they are irrelevant or prejudicial to the material issues in this case. The Court will address each of Soileau's arguments in turn.

### A.  Evidence of Insurance

Soileau requests that the Court preclude introduction of evidence of liability insurance held by Soileau or the policy limits of any such insurance, and that there be no use of the terms "insurance adjuster," "adjuster," or "claims man." Soileau also requests that there be no mention that Gray does not have insurance to compensate him for injuries or damages, or that Gray's collateral compensation has been or will be reduced by any amount. Gray does not oppose these

requests. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. "This exclusion encompasses policy limits, as they are necessarily an indication of insurance." *Corbin v. Hagan*, No. 06-11447, 2007 U.S. Dist. WL 3268466, at *1 (E.D. La. Oct. 19, 2007). Since evidence of insurance is not relevant for any other acceptable purpose, the Court excludes: (1) any evidence of liability insurance or the policy limits of liability insurance held by either party; (2) use of the terms "insurance adjuster," "adjuster," or "claims man"; and (3) any evidence that Gray's collateral compensation has been or will be reduced by any amount. *See; e.g.*, Fed. R. Evid. 411 (Stating purposes for which admission of liability insurance may be appropriate).

### B.  Speaking Objections at Trial

Soileau seeks an order prohibiting objections in which counsel provides improper additional information to the jury and witnesses. Gray responds by stating that the trial will be conducted in accordance with the Federal Rules of Evidence. The trial will be conducted in accordance with the Federal Rules of Evidence. Counsel is prohibited from providing improper additional information to the jury and witnesses in the course of objecting.

### C.  Showing Documents and Exhibits to Opposing Counsel

Soileau requests an order requiring counsel to show all documents and exhibits to all other counsel prior to approaching a witness or showing those items to the jury. Soileau further requests an order requiring that all "blow-ups" and demonstrative evidence be presented to all counsel for inspection outside the jury's presence and that all such items be kept concealed from the jury's view until they are sought to be introduced. Gray responds that he agrees to follow all rules of the District Court relative to the trial, including display of exhibits. Counsel must show all documents and exhibits, including "blow-ups" and demonstrative exhibits, to opposing

counsel prior to approaching a witness or publishing to the jury. "Blow-ups" and demonstratives must be kept from the jury's sight until approved for publication.

D.  Introduction of Exhibits

Soileau requests an order excluding the introduction of Roderick Charles's criminal records and Gray's redacted Iberia Medical Center personnel records, which are exhibits six and 10 for Gray. Soileau argues that these documents were not produced, despite Soileau's request. Soileau also requests an order excluding the introduction of the expert reports of Stephanie Chalfin, John Theriot, and Dr. John Sledge, since their reports are hearsay—out of court statements offered to prove the truth of the matter asserted.

Gray responds that he first learned of Charles's criminal history in his May 28, 2013 deposition, and has been trying to obtain Charles's criminal records since that time. Gray argues that use of subpoena for Charles's criminal records has been ineffective since Charles was convicted in a federal court and sentenced to a federal penitentiary, so the odds of Gray's obtaining the records are "long at this point." Gray does not address his redacted Iberia Medical Center personnel records. Gray argues "there may be exceptions to the hearsay rule or other circumstances which will permit the introduction of the expert reports." For instance, he asserts that Dr. Sledge's reports are business records under Federal Rule of Evidence 803(6). Gray argues that the Court should avoid a blanket ruling prohibiting the expert reports or medical records, and instead reserve ruling on these issues until trial.

Considering that Gray has not yet obtained, and may never obtain, Roderick Charles's criminal records, and that Gray did not learn of his criminal history until May 28, 2013, Gray's failure to produce the records is not cause for their exclusion. Should Gray obtain the records and seek their introduction at trial, Soileau may address admissibility at that time. Since Gray

4

does not attempt to oppose the exclusion of his redacted Iberia Medical Center personnel records or argue that these records were produced to Soileau, Gray's redacted Iberia Medical Center personnel records are excluded because Gray failed to produce them.

District courts in this circuit have held expert reports are hearsay. *Marquette Transp. Co., Inc. v. Eagle Subaru*, No. 06-9053, 2010 U.S. Dist. WL 1558921, at *3 (E.D. La. Apr. 15, 2010); *Katz v. State Farm Fire & Cas. Co.*, No. 06-4155, 2009 WL U.S. Dist. 1380533, at *1 (E.D. La. May 15, 2009); *White v. Great West Cas. Co.*, No. 08-1491, 2009 U.S. Dist. WL 3254562, at *1–2 (W.D. La. Oct. 8, 2009); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 478 (E.D. La. Apr. 9, 2007). However, the circumstances may provide for admission under hearsay exceptions, and objections on the basis of hearsay are not always sustained. *Bailey v. Dallas County*, No. 09-0865, 2012 U.S. Dist. WL 1033502, at *26 (N.D. Tex. Mar. 28, 2012); *James v. Haven Homes Southeast, Inc.*, No. 08-770, 2011 U.S. Dist. WL 777971, at *4 (M.D. La. Feb. 28, 2011); *Jackson v. U.S. Kids Golf, LLC*, No. 06-237, 2009 U.S. Dist. WL 585555, at *2 (E.D. Tex. Mar. 6, 2009); *MGE UPS Systems, Inc. v. Fakouri Elec. Engineering, Inc.*, No. 04-445, 2006 U.S. Dist. WL 680513, at *7 (N.D. Tex. Mar. 14, 2006). Soileau does not sufficiently explain his argument that the experts' reports are hearsay; nor does he explain why the circumstances call for exclusion. Gray does not sufficiently explain his arguments either. Soileau may re-urge this argument at trial. Should that happen, both parties should be better prepared with authority and argument.

E.  Evidence Regarding Roderick Charles's Criminal Record

Soileau asserts that evidence of Roderick Charles's criminal history should be excluded under Federal Rule of Evidence 609(a), since his incarceration occurred in 2002 or 2003, which was more than ten years ago. Soileau continues by arguing that Charles's criminal history is

5

irrelevant, would result in unfair prejudice, confusion of the issues, and would mislead the jury, meaning the probative value of the evidence is substantially outweighed by its prejudice.

Gray responds that Rule 609(a) provides in general for the admissibility of criminal convictions under certain circumstances in a civil case with no reference to any time limitations. Rather, Gray argues the ten year limitation is part of Rule 609(b), which provides that subsection (b) applies if more than ten years have passed since the witness's conviction or release from confinement, whichever is later.  Gray asserts Charles was convicted of distribution of crack cocaine in 2002 or 2003, and released from prison in 2007, making the ten year rule in subsection (b) inapplicable, and the evidence admissible under subsection (a).

Rule 609 provides in pertinent part:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

>> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Subsection (b) is inapplicable, since Charles was released from confinement in 2007—less than ten years ago. Fed. R. Evid. 609(b). Rule 609(a)(1)(A) is therefore applicable, so the evidence **must be admitted**, subject to Federal Rule of Evidence 403. Soileau's argument as to why the evidence should not be admitted under Rule 403 is completely lacking in substance and is merely a conclusory statement. The Court finds the probative value of evidence of Charles's criminal conviction in 2002 or 2003 for distribution of crack cocaine is not substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. The evidence therefore must be admitted under Rule 609(a).

### F. Testimony that Soileau had Custody of the Platform or Stairwell or that Soileau's Employees Caused the Water to Be at the Top of the Stairs

Soileau seeks an order from the Court precluding unsupported or speculative testimony that Soileau had custody of the platform or stairwell or that Soileau's employees caused the water to be at the top of the stairs. Soileau claims there has been no evidence in support of either of these theories, so mention of them would be improper. Soileau makes the conclusion that Gray and his counsel, and any witness called on their behalf, should be precluded from offering unsubstantiated, unsupported or speculative testimony as to Soileau's purported liability. Soileau argues Gray should be required to present any evidence of these theories to the Court and Soileau's counsel outside the presence of the jury for an admissibility ruling by the Court.

Gray agrees speculative evidence is not admissible at trial, but states the evidence will speak to whether Soileau had custody or control of the stairs. Gray notes that the Court previously denied Soileau's motion for summary judgment finding factual issues exist as to the water at the top of the stairs.

7

Gray is correct. Fact issues exist as to the water at the top of the stairs, and custody and control are legal conclusions to be made by the jury based on the evidence. It is preposterous to think that the Court would exclude evidence as to these issues.

### G. Expert Testimony

In the middle of its Motion in Limine, Soileau includes a section arguing that the testimony of John W. Theriot and Stephanie P. Chalfin, M.S., should be excluded under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Civil Procedure 26. These arguments are untimely and in violation of the Scheduling Order (Doc. 6) and Modified Scheduling Order (Doc. 15). Although it would not be an unreasonable conclusion, the Court will refrain at this point from concluding that these arguments were submitted in the middle of a motion in limine in an effort to conceal the fact that they are incredibly untimely. Regardless, the deadline for filing discovery motions was February 15, 2013, and the deadline for filing *Daubert* motions was April 1, 2013. Doc. 15. No matter how you slice it, Soileau's arguments fall into those categories, thereby making them more than three months late at best. As such, Soileau's arguments in support of excluding Theriot and Chalfin will not be considered, and they will not be excluded.

### H. Alleged Irrelevant or Prejudicial Testimony and Evidence

Soileau requests that the Court enter an order instructing and directing all parties, witnesses, and attorneys to refrain from making any reference to certain matters without a ruling from the Court outside the presence of the jury. The Court will address the matters by listing them individually and including an accompanying ruling.

1. Reference to settlement negotiations or agreements, or the lack thereof, is excluded.

2. Argument for an award based upon a "unit of time " calculation—a time span broken down into smaller units such as weeks, days, or hours, multiplied by a dollar amount, resulting in a total damage award—will not be the subject of a blanket exclusion.  A "unit of time" argument may be allowed, within the trial court's discretion, when proper safeguards are in place or the argument is otherwise cured.  *Foradori v. Harris*, 523 F.3d 477, 511 (5th Cir. 2008).

3. Reference by Gray as to what he was told by a physician, osteopath, chiropractor or any other healthcare provider with regard to physical conditions, disabilities, or recommended treatments is excluded as hearsay under Federal Rule of Civil Procedure 802.  The exception contained in Federal Rule of Evidence 803(4), which permits the admission of statements made for the purposes of medical diagnoses or treatment, is limited to statements made by the person seeking medical treatment or care.  *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 735–36 (6th Cir. 2004); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996); *Stull v. Fuqua Industries, Inc.*, 906 F.2d 1271, 1273 (8th Cir. 1990); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985).  Should Gray believe an exception is applicable that would allow such testimony or evidence, his counsel must first seek an admissibility ruling from the Court outside the presence of the jury.

4. No reference may be made to any party's financial status, including the wealth or poverty of a party, or the ability to pay a verdict.  The financial statuses and abilities of the parties are irrelevant under Federal Rule of Evidence 401.  Should "something" arise during the trial which would make reference to a party's financial status or ability relevant and admissible, counsel may seek an admissibility ruling outside the presence of the jury.

5. The parties may state or make reference to the fact that Soileau employee Louis Johnson placed a "Wet Floor" sign at the top of the stairs following Gray's alleged accident. This is relevant to whether Soileau had "custody" of the property.

6. No statement, reference, or appeal may be made to the jury that they serve as the "conscience of the community," or that the jury should render a verdict that will make the community proud. *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985).

7. The Court will only allow the jury to view evidence that has been admitted.

8. No reference, statement, or appeal may be made to the jury suggesting that any defendant corporation is without a heart or soul, so as to suggest unfair treatment.

9. The Court will only allow the jury to view evidence that has been admitted.

10. Gray is prohibited from commenting, referring to, or exhibiting any prior testimony of any declarant-witness, unless:

    The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

    **(A)** is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

    **(B)** is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

    **(C)** identifies a person as someone the declarant perceived earlier.

Fed. R. Evid. 801(d)(1).

11. Any objections by Soileau in a deposition must be resolved by the parties through agreement or ruled upon by the Court before the deposition is introduced into evidence. Any comments between the attorneys that appear in the deposition must be redacted before introduction.

I. Arguments Referred to as "12. A–X"

These arguments are rudimentary and will be handled at trial.

Accordingly, John L. Soileau, Inc.'s Motion in Limine (Doc. 48) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.[1]

Signed in Baton Rouge, Louisiana, on August 5, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**

---

[1] In future filings with the Court, counsel should include pinpoint citations and conform with the Bluebook when referencing authority.