UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH W. GRAY

VERSUS

ENERGY XXI GOM LLC, ET AL.

CIVIL ACTION

NO. 12-165-JJB

**RULING ON MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment (Doc. 60) by the Plaintiff, Kenneth W. Gray.  The Motion is opposed (Doc. 61).  Jurisdiction exists pursuant to 28 U.S.C. § 1332.  The Court discussed this Motion with the parties at the Pretrial Conference held August 5, 2013.  Further oral argument is unnecessary.

This lawsuit is for damages based on personal injuries sustained when the Plaintiff slipped and fell on stairs leading from the living quarters hallway to the galley of a fixed platform in the Gulf of Mexico.  Trial is scheduled for August 19, 2013.  Soileau recently moved to quash the deposition of John Farrar, which was scheduled for August 12, 2013.  Doc. 57.  The Court granted the motion to quash for the reasons stated in the motion and because the deposition was scheduled too close to the trial date.  Doc. 59.  Gray now moves to alter or amend that ruling, and asks the Court to deny the Soileau's motion to quash.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions.[1]  A Court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d 471 at 475.  District courts have considerable discretion in deciding whether to reconsider an interlocutory order.  *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2012 U.S. Dist.

---

[1] Gray asserts Federal Rule of Civil Procedure 59 governs this Motion. However, "where, as here, a motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is Rule 54(b)." *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002).

860404, at *3 (M.D. La. March 13, 2012).  Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 U.S. Dist. WL 2026670, at *2 (M.D. La. May 20, 2010).  However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court. *Id.*  "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."  *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

Gray asserts the following in support of his Motion.  Farrar's deposition is for trial purposes only, because Farrar lives in Alabama and is beyond the subpoena power of the Court.  The deposition was not seeking to take advantage of the recent amendment of the pleadings to conduct additional discovery after the trial deadline, as Farrar's discovery deposition has already been taken.  Farrar's previous deposition contains inadmissible testimony and questions that would not have been asked at trial, and was taken prior to production of documents completed by the witness.  Gray's counsel has cooperated in scheduling the recent trial depositions of the defense experts.  These recent depositions show that Soileau's argument that Farrar's deposition is too close to trial is absurd.  Gray's counsel stated at the pretrial conference that he could satisfactorily use Farrar's original deposition at trial.

Soileau responds with the following.[2]  Gray failed to motion for leave under Federal Rule of Civil Procedure 30.  There is no distinction between a discovery deposition and a trial deposition under Rule 30.  The supposed newly produced documents were produced to Gray in January of 2013, and failure to review them is not grounds for allowing a second deposition.

---

[2] Soileau also makes a number of arguments to demonstrate Gray does not meet the Rule 59 standard, but these arguments are not relevant since Rule 59 is inapplicable.

2

The discovery cutoff was January 31, 2013.  Counsel for both parties agreed to take Farrar's original deposition after this deadline.  Unlike Farrar's deposition, the recent depositions were scheduled months ago.

Gray's arguments are unavailing.  In light of the trial date looming in less than two weeks, and the fact that Gray will be able to satisfactorily use the original deposition of Farrar, Gray fails to apprise the Court of substantial reasons for reconsidering the ruling quashing Farrar's deposition.  An additional deposition of Farrar will not be allowed.

Accordingly, Plaintiff Kenneth W. Gray's Motion to Alter or Amend (Doc. 60) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 6, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**