UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH W. GRAY

VERSUS

ENERGY XXI GOM LLC, ET AL.

CIVIL ACTION

NO. 12-165-JJB

## RULING ON MOTION IN LIMINE

This matter is before the Court on a Motion in Limine (Doc. 49) filed by the Plaintiff, Kenneth W. Gray. The sole remaining Defendant, John L. Soileau, Inc., opposes the Motion (Doc. 53). Jurisdiction exists pursuant to 28 U.S.C. § 1332.

I. Background

Gray's lawsuit is for damages based on personal injuries sustained when he slipped and fell on stairs leading from the living quarters hallway to the galley of a fixed platform in the Gulf of Mexico. Energy XXI GOM LLC and Energy XXI (Bermuda) Ltd. (collectively, "Energy XXI") owned and operated the platform in question. Energy XXI contracted with Soileau to provide catering, cleaning, and janitorial services for the platform, pursuant to the March 1, 2011 Master Service Agreement. On the evening of July 23, 2011, Louis Johnson was one of the Soileau employees responsible for overnight cleanup on the platform. The Plaintiff awoke in his bunk shortly before 5:00 a.m. on the morning of July 24, 2011 and proceeded to the stairwell leading from the living quarters to the galley. At that time, the Plaintiff was the only one in his room who was up and about other than two Soileau employees, Johnson and the cook. When the Plaintiff got to the top of the stairwell, it was dark and he grabbed the hand rail with his left hand. As he began to descend, his foot slipped, causing him to lose his balance and fall down the stairs. After the fall, Johnson went to the top of the stairs and found droplets of water. Johnson

1

went up and down the steps throughout the previous night and all morning bagging and transporting the dirty clothes, linens, and other laundry from the living quarters to the laundry room. Johnson traversed the stairway 15–20 minutes before the accident, never noticed any water, and did not slip or fall at any time. Johnson last mopped upstairs the evening before, as usual, after the crew had eaten supper and showered.

This Court held in a summary judgment ruling (Doc. 35) that genuine issues of fact exist as to Gray's claims against Soileau regarding the water droplets at the top of the stairs, and that Soileau failed to present sufficient authority, argument, or explanation for its assertion that Gray is unable to show Soileau had custody of the platform.

## II.     Analysis

Gray seeks to exclude alleged statements by him and speculation as to these statements. He further seeks to exclude evidence of his criminal arrests, charges, and convictions.

### A.  Gray's Alleged Statements

Gray argues the expected testimony of Roderick Charles, a Soileau employee, should be excluded. Gray argues Charles's testimony is irrelevant, and asserts that Charles did not witness the accident or inspect the area of the accident immediately after the fall. Gray claims Charles's testimony will likely involve his conversations with co-employees from Soileau about Gray's alleged accident, and is intended to support Soileau's charge that Gray intended to "get him a lawsuit." Gray states Charles's testimony does not say Gray told him that. Gray asks that the Court prohibit Charles from speculating on the meaning of statements Gray actually made. Gray argues the statements by co-employees to Charles are hearsay.

Soileau responds that the available evidence supports a finding that Gray staged the incident. This evidence includes statements by Gray to co-workers, including Soileau employees

Michael Lynch, Louis Johnson, and Charles. Soileau argues any statements by Gray are admissible as admissions by a party opponent under Federal Rule of Evidence 801(d)(2)(A). If considered hearsay, Soileau avers that the statements are admissible as exceptions for then-existing mental, emotional, or physical condition or statement against interest. Soileau argues the statements are relevant to its defense that Gray staged the incident, and that Gray offers no indication of how this relevance is outweighed by unfair prejudice.

Charles testifying as to what Gray said would normally be hearsay. However, if Charles personally heard Gray say something, he may testify as to what Gray said since this is admissible non-hearsay as an admission by a party-opponent. Fed. R. Evid. 801(d)(2)(A). However, Charles may not testify as to statements Gray made to other co-workers that were relayed to Charles. The statements are inadmissible hearsay not fitting any exception. Soileau may not present evidence or testimony of statements by Gray that there is no evidence of him making. Nor may Soileau present evidence or testimony that does not satisfy Rule 602's personal knowledge requirement. Statements that could indicate Gray staged the incident are relevant, since Soileau's defense is that Gray staged the accident. Gray's argument that the probative value of such statements is substantially outweighed by the danger of unfair prejudice is conclusory and unsupported. The statements will therefore not be excluded under Rule 403.

B. Gray's Criminal History

Gray admitted in his deposition to drug possession convictions in 1994 and 2009. Gray argues that evidence or testimony regarding the convictions must be excluded if the convictions were not within the last ten years per Rule 609. He argues "the balance tilts in favor of exclusion" under Rule 403's balancing test, which must be applied under Rule 609. Gray states

3

any other evidence relating to arrests or criminal charges is completely inadmissible and therefore must be excluded.

Soileau lists a number of criminal charges against Gray over the past twenty-five years, and asserts that Gray was convicted for possession of cocaine in 1994, and was convicted in 2011 of a charge arising in 2007 of possession of cocaine with intent to distribute. Soileau argues the following in support of admitting Gray's 2011 conviction. It is admissible under Rule 609, since it is within the last ten years. The Court does not weigh prejudice versus the probative value of Gray's conviction, since this is a civil trial and Gray is a witness. Rule 609(a)(1) requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of unfair prejudice to the witness or the party offering the testimony. Regardless, Gray's convictions involve dishonest acts and false statements and fall under the mandatory admissibility provision of Rule 609(a)(2). Gray denied in his April 2011 Fab-Con employment application that he had ever been convicted of a felony, further highlighting the relevancy of the 1994 conviction. The 2011 conviction not only challenges Gray's truthfulness, but can be used to establish his frame of mind at the time of the alleged incident. This conviction arose from charges which were pending at the time of the slip and fall, which suggests a motive behind Gray's staging the injury based on the future employment implications of having two felony drug convictions and supervised probation until 2016.

Rule 609 provides in pertinent part:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant;
>
> ***
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> > **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect;

Gray's 1994 conviction is inadmissible under Rule 609(b)(1). The conviction occurred almost twenty years ago. Any probative value the conviction might have, although Soileau presents no facts and circumstances indicating the conviction has a substantial probative value, does not substantially outweigh the highly prejudicial effect it would have. Regardless of whether Gray may have lied on his Fab-Con employment application, Soileau will not be able to use the application to present inadmissible evidence of Gray's 1994 conviction to the jury.

Gray's 2009 or 2011 conviction is admissible to attack Gray's truthfulness, as its probative value will substantially outweigh any danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[1] The conviction is inadmissible to show Gray's motive.

### III.  Conclusion

Accordingly, Kenneth W. Gray's Motion in Limine (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Signed in Baton Rouge, Louisiana, on August 6, 2013.

---

[1] Whether Gray has convictions from 2009, 2011, or from both years is unclear. However, the Court's ruling is the same regardless of which scenario is accurate.

_____
**JAMES J. BRADY, DISTRICT JUDGE**

6